NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 3 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN JOSE SANCHEZ RODRIGUEZ, | No. 20-70862 |
| Petitioner, | Agency No. A205-907-261 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022**
San Francisco, California

Before: GOULD and RAWLINSON, Circuit Judges, and ADELMAN,*** District Judge.

Petitioner Juan Sanchez Rodriguez ("Petitioner") seeks review of a final order

from the Board of Immigration Appeals ("BIA") denying his application for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

withholding of removal and relief under the Convention Against Torture ("CAT"). Petitioner claims his life or freedom would be threatened in Mexico on account of his membership in a particular social group and that he would be more likely than not to be tortured if returned to Mexico. We have jurisdiction under 8 U.S.C. § 1252(b). We deny the petition

We review factual findings related to an applicant's eligibility for withholding of removal and CAT protection under the substantial evidence standard. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992). Petitioner challenges the BIA's determination that he did not establish a nexus between his claimed persecution—physical harm at the hands of gang members in Mexico—and a protected ground. Petitioner also challenges the BIA's determination that any past or future harm was not more likely than not to have occurred or to occur with the acquiescence or consent of the government.

Substantial evidence supports the BIA's dismissal of Petitioner's withholding claim on lack-of-nexus grounds. The nexus requirement for a withholding of removal claim is satisfied if the Petitioner proves that a protected ground is "a reason" for the feared persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017). The BIA properly found that the harm Petitioner fears is attributable to criminal intent rather than his membership in a particular social group. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (noting that the "desire to

2

be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Substantial evidence also supports the BIA's determination that Petitioner did not qualify for protection under the CAT. To obtain protection under the CAT, the applicant must show that he is more likely than not to be tortured by or at the instigation of the government or with the government's consent and acquiescence if he is returned to his home country. *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1078–79 (9th Cir. 2015). The BIA properly found that any past or future harm suffered by Petitioner was not more likely than not to have occurred or to occur with the acquiescence or consent of the government. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.").

Finally, Petitioner also challenged a jurisdictional defect in the underlying proceeding. Petitioner admitted his argument had been foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887 (9th Cir. 2020) and he raised the argument only to preserve the issue in case *Aguilar Fermin* was reheard en banc. Because *Aguilar Fermin* remains good law, we will deny this portion of the petition.

For these reasons, we deny the petition for review.

**PETITION DENIED.**